THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gary MacKay and Dan Hewson | 2:19-cv-001192-CRE |
| Plaintiffs | |
| -vs- | **FILED**<br>OCT 23 2019<br>CLERK U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |
| Steve Campbell | |
| Defendant | |

## AFFIDAVIT

I, Steven Clouston Campbell, of St. John's, in Newfoundland, Canada, MAKE OATH AND SAY THAT:

1. I, Steven Clouston Campbell, acknowledge being the natural person named as the primary Defendant in said Civil Action, but categorically deny any alleged theft or lack of due credit with respect to said intellectual property as claimed by the only two allegedly bona fide Plaintiffs as the following matters of fact will demonstrate.

2. The other Defendant named in said Civil action, Transgaz, has no connection to Steven Clouston Campbell and in fact is an entity incorporated in Romania https://www.transgaz.ro/en. And begs the question if this is a mere accidental typographical error or deliberate to prevent the shareholders of TranzGaz Inc from filing countersuit for damages in regards to this matter?

3. The Plaintiff "Tube-Mac Industries, Inc." is not mentioned anywhere, in any capacity, in the pith and substance of the said Civil Action. There is no nexus establishing said "Obligation" by the other two Plaintiffs Gary Mackay and Dan Hewson. Nor is there any mention of "Tube-Mac Industries, Inc." in any prior emails or written correspondence or in the corporate minute books for Trans Ocean Gas Ltd., the corporate entity that was the vehicle for the contractual relationship between the Plaintiffs and the Defendant. Upon receipt of and reading said summons was the first time the Defendant heard of "Tube-Mac Industries, Inc." and the Defendant does not recognize "Tube-Mac Industries, Inc." as a bona fide Plaintiff in this matter.

4. The Defendant begs the question: why Nakoma Investments, the actual shareholder and active participant in the original venture, is not listed as a Plaintiff in this matter despite the fact they were first hand participants, having common membership and leadership that includes, but is not limited to, the Plaintiffs, in all of the alleged events or omissions that are alleged to have occurred leading to the filing of the "049" patent? The final Licensing Agreement that was duly signed in St John's on November 15th 2011 was based on revisions emanating from previous shareholders meetings of that day and month from which said notarized transcripts are provided. Article 12 Assignment of Patent, in said Licensing Agreement states: "The Parties acknowledge that Campbell is the Inventor on Record". This statement was agreed to with the full and open foreknowledge by all parties that a new patent filing was in process and that said patent filing eventually became the "049" patent, the intellectual property thereof which is now contested by same said parties.

5. The Defendant has never set foot in the Commonwealth of Pennsylvania.

6. The Defendant and the two Plaintiffs, Gary MacKay and Dan Hewson are all Canadian Citizens with permanent residences in the Provinces of Newfoundland & Labrador, The Province of Ontario and the Province of Ontario respectively.

7. The original fee for service proposal (Hereinafter called "Initial Proposal") dated the 30th day of August 2007 between said parties was for engineering and manufacturing support that would lead to the commercialization of existing Intellectual Property vested solely in the Defendant as the Inventor of Record who expressly forbade any sharing of said intellectual property thus developed:
*PARTIES*
*TRANS OCEAN GAS INC., with its registered office at the Institute for Ocean Technology, Arctic Avenue, St. John's, Newfoundland, Canada, A1C 5L4 (hereinafter the "Company")*
*and TUBEMAC INDUSTRIES LIMITED, with its registered office at 853 Arvin Avenue, Stoney Creek, Ontario, L8E 5N8, Canada, (hereinafter the "Contractor"),*

8. Gary Mackay and Dan Hewson were and are affiliated with the said "Contractor" as per the corporate minutes in the November 15th 2011 Shareholders meeting (Hereinafter called "Second Last Meeting") of Trans Ocean Gas by Geoff MacKay, representing Nakoma Investments who on or about 10:17AM Newfoundland Standard Time Stated: *"Tube-Mac and Nakoma, while separate entities are run by the same people"*

9. In said fee for service proposal:
*RECITALS*
*A. The Company has invented, developed and patented a unique method for the transportation of CNG by road, rail and sea ("Proprietary Technology"). The Company believes that its Proprietary Technology has global application and will provide economically viable development options to bring stranded gas reserves to market and to create new markets where pipelines and LNG deliveries are not viable. The Company proposes to use FRP pressure vessels which have a number of features that offer significant competitive advantages such as low-weight, corrosion resistance, low-temperature resistance, safety, reliability and low cost;*

*B. The Contractor has expertise in expediently designing and fabricating innovative and high-tech piping components for the offshore industry.*

*C. The Parties therefore now wish to establish a commercial relationship that will provide the Company unequivocal assurance on completion of liner design and fabrication by the agreed date and provide the Contractor an appropriate level of remuneration including milestone payments and an opportunity for future participation in the Company's FRP pressure vessel manufacturing activities.*

10. Furthermore said Initial Proposal make no mention of: "Tube-Mac Industries, Inc." and specifies the following:

*INTELLECTUAL PROPERTY RIGHTS*
*1. The Parties irrevocably agree that all existing, pending, derivative and future Intellectual Property related to the FRP cylinders remains the exclusive, sole and unencumbered property of the Company.*

11. Furthermore said proposal states:
*8 GOVERNING LAW*

*8.1 This Agreement shall be governed by and interpreted in accordance with the laws of Ontario, Canada, and the Parties submit to the non-exclusive jurisdiction of the courts in that province, without prejudice to the Company's rights to proceed against the Contractor in any jurisdiction in which it resides or carries on business.*

*8.2 Any dispute arising out of or relating to this Agreement, including any question regarding its existence, validity or termination, which cannot be amicably resolved by the Parties, shall be settled before a sole arbitrator, in accordance with the Arbitration Rules of Ontario, Canada. The resulting arbitral award shall be final and binding without any right of appeal and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.*

12. This mutual agreement to Governing Law is also confirmed in the documents duly executed on November 15th 2011 with duly noted in article16 GOVERNING LAW in the agreement between TOG and TOG International that this was "an Ontario Contract" and that "The Parties submit to the jurisdiction of the courts of the Province of Ontario"

13. With respect to 28 U.S. Code § 1391, "Tube-Mac Industries, Inc." is not a bona fide Plaintiff and has no connection to any prior contractual obligation with the Defendant and is not mentioned in the pith and substance of the said civil action filing documents and is solely being used for the proposes of establishing jurisdiction and venue? Nor was it party to or located in the jurisdiction where the events or omissions giving rise to the claim occurred. All of the alleged events or omissions that are alleged to have occurred took place in the Provinces of Newfoundland & Labrador and Ontario Canada. This court is want of jurisdiction with respect to this Civil Action.

14. Regardless of the lack of jurisdiction; the pith and substance of the fact of retention of intellectual property was also recorded in the minutes of the Second Last Meeting by Neil Smith, VP Operations, Tube-Mac Industries Ltd. who on or about 10:17AM Newfoundland Standard Time Stated that: *"If new patents come into play after the life of the existing patents and Tube-Mac / Nakoma wished to exercise that patent, then the terms of the agreement will be extended, If not [the] agreement will be terminated upon expiration of existing patent"*

15. Said Declaration of Darrell Hawkins may be a perjurious error of omission; Trans Ocean Gas was founded by the Defendant in 2001, Hawkins was initially voted in as Vice-President of Business Development on September 27th 2006, and Hawkins was not at said initial meeting at the Offshore Technology Conference (OTC 2007) Houston 2007, 30th April to 3rd May 2007 (Hereinafter called "OTC") nor later discussions with others involving potential arrangements between Trans Ocean Gas and the Plaintiffs in Stoney Creek Ontario on May 22nd and May 23rd of 2007 and was not copied on any said correspondence until after those said meetings had concluded on May 23rd 2007 when Hawkins was cc'd on an email documenting said two days of meetings.

16. In the said initial meeting between said Plaintiffs and Defendant and others, neither Plaintiff had any foreknowledge of the Defendant's proposed business model or any prior art of knowledge that was embodied in the Defendant's then existing patent or accumulating intellectual property that the Defendant was already working on that eventually became the '049' Patent. This total absence of said foreknowledge included, but was not limited to: Type 4 Pressure Vessels, Port Bosses, Spherical versus Cylindrical Type 4 Pressure Vessels and the winding and fabrication complexities thereof, Intermodal Transport of any pressurized or fluidized form of gasses, Stranded Gas or the unique technical challenges associated any or all of the forgoing. In short it was not even on their radar screens before said OTC meetings that Hawkins was not present for and had no firsthand knowledge thereof. Additionally said Declaration of Darrell Hawkins is not properly signed, witnessed and notarized.

17. The Declaration by Hawkins also contradicts the minutes of Trans Ocean Gas that were recorded in the corporate minute book of the Second Last Meeting and vote of the shareholders of Trans Ocean Gas where Hawkins attended along with Neil Smith, VP Operations, Tube-Mac Industries Ltd. and Geoff Mackay, representing Nakoma Investments. In said meeting there was no contention regarding shared Intellectual Property rights. Hawkins who on or about 10:17AM Newfoundland Standard Time asked: *"If previously filed (referring to the 049 patent) is approved and states that this patent potentially makes a large difference in the value of the company."* To which I Steven Clouston Campbell replied stating; *"Nakoma could sell the IP to a larger company"* to which I was corrected by Neil Smith, who denied my claim stating *"Nakoma is a Shareholder and therefore wouldn't sell IP"*

Based on foregoing, I, Steven Clouston Campbell, of St. John's, in Newfoundland, Canada, humbly requests the Judge presiding over this matter in U.S. District Court for the Western District of Pennsylvania at Pittsburgh to reject hearing said case on the grounds that the said court is want of jurisdiction in regards to this matter and the Plaintiffs or their counsel have listed a Defendant unrelated to this matter in this filing and have failed to establish any "obligation" to Tube-Mac Industries, Inc. in their attached documents and have failed to include Nakoma Investments as a Plaintiff and have made false and misleading statements of fact and errors of omission that willfully contradict the correspondence in this regards and in particular the minutes of the Shareholder General Meeting dated November 15th 2011 at the Masonic Temple, 6 cathedral street; St. John's, Newfoundland and Labrador, Canada.

Furthermore, I, Steven Clouston Campbell, of St. John's, in Newfoundland, Canada, humbly requests that based on all the errors of omission and fact and want of jurisdiction, seek relief from the court via declaring this filing on behalf of the Plaintiffs to be a vexatious and malicious complaint filled with false and misleading statements that have the effect of casting unwarranted, maliciously injurious and financially disparaging aspersions against the undersigned and all of the shareholders of the entity conveniently misspelled in the said filing TranzGas Inc.

ST. JOHN'S NEWFOUNDLAND, CANADA

SUBSCRIBED AND SWORN TO BEFORE ME,
on the __18th__ day of October, 2019

Signature: _____
(Seal)
NOTARY PUBLIC
My Commission expires:
unlimited

_____
(Signature)

Steven Clouston Campbell

ATTACHMENTS