UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| TUBE-MAC INDUSTRIES, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEVE CAMPBELL AND TRANZGAZ, INC., <br><br> Defendants. | Civil No. 2:20-cv-00197 |

## ORDER

Pending before the Court are a Motion to Amend or Correct, a Motion for Miscellaneous Relief, and a Motion to Dismiss for Failure to State a Claim filed by Defendant Steve Campbell. For the following reasons, Defendant's Motion for Miscellaneous Relief (ECF No. 74) is **DENIED**; Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 75) is **DENIED**; Defendant's Motion to Amend or Correct (ECF No. 73) is **TAKEN UNDER ADVISEMENT**, and this case is **STAYED**.

### I. BACKGROUND

According to the Complaint, Plaintiffs brought suit in the United States District Court for the Western District of Pennsylvania seeking correction of inventorship of United States Patent No. 9,376,049 B2 ("the '049 Patent"). The '049 Patent identifies Defendant Steve Campbell as the sole inventor of the system. ECF No. 1 at 2. The '049 Patent contains fifteen claims. Claim One details a "port boss," which connects to a fiberglass vessel to store and transport compressed gas. *Id.* at 4.

Tube-Mac Industries, Inc. ("Tube-Mac"), Gary MacKay, and Dan Hewsen (collectively, "Plaintiffs") allege that Mr. Campbell did not solely invent the "port boss" referenced in Claim One. *Id*. They allege that they demonstrated to Mr. Campbell the compression method discussed in Claim One. *Id*. Plaintiffs also allege that the original port boss would not seal properly or would distort the plastic or fiberglass vessel, and Mr. Campbell asked Plaintiffs to help solve the issue. *Id*. Plaintiffs allegedly designed a new port boss and demonstrated it for Mr. Campbell. *Id*. Plaintiffs also allege that Figures 5–7 of the '049 Patent are drawings of the port boss created by Mr. MacKay and Mr. Hewsen at Mr. Campbell's request. *Id*. According to Plaintiffs, they are the joint inventors of the system claimed in the '049 Patent. *Id*. at 5. Plaintiffs allege that they asked Mr. Campbell to be added as co-inventors, but Mr. Campbell refused. *Id*. at 6.

Tube-Mac manufactures and sells pipe couplings. *Id*. at 1. Plaintiffs allege that Tube-Mac has the ability to manufacture the port boss and the system for transporting gaseous fluids outlined in the '049 Patent but is barred from doing so by the '049 Patent. *Id*. at 6. Plaintiffs assert that Tube-Mac will be able to make and sell the system if Mr. MacKay and Mr. Hewsen are added as co-inventors. *Id*.

Mr. Campbell filed a Motion to Dismiss for Want of Jurisdiction and Lack of Consent in an Improper Forum, asserting that the Western District of Pennsylvania did not have personal jurisdiction over him. ECF No. 64 at 1. The case was then transferred to this Court. *Id*. at 30.

Before the Court are three Motions, which are ripe for resolution. Defendants seek leave to amend and supplement the pleadings with a counterclaim (ECF No. 73), the removal of Defendant TranzGaz Inc. ("TranzGaz") from the case due to lack of personal jurisdiction (ECF No. 74), and removal of TranzGaz as a Defendant for failure to state a claim for which relief can be granted (ECF No. 75).

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Campbell seeks dismissal of TranzGaz as a Defendant pursuant to Rule 12(b)(6). ECF No. 75 at 1. Defendant asserts that Plaintiffs have failed to state a claim against TranzGaz, and that "Defendant TranzGaz will diminish the defense of Campbell if not dismissed as a Defendant". *Id*. at 1–2.

### (1) Legal Standards

On a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts test the sufficiency of the complaint. *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Although Rule 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to survive Rule 12(b)(6) scrutiny, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### (2) Analysis

To the extent Mr. Campbell attacks the Complaint with respect to himself as a Defendant, Plaintiffs have adequately stated a claim against TranzGaz. Title 35 U.S.C. § 256 states, "Wherever through error a person is named in an issued patent as an inventor, or through error an inventor is not named on an issued patent, the Director may . . . issue a certificate correcting such error."

There is a strong presumption that those named in an issued patent are the true and correct inventors. *Hess v. Advanced Cardiovascular Sys., Inc.,* 106 F.3d 976, 980 (Fed. Cir. 1997). "[T]o be a joint inventor, an individual must make a contribution to the conception of the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention." *Fina Oil & Chem. Co. v. Ewen,* 123 F.3d 1466, 1473 (Fed. Cir.

1997). To be considered a co-inventor, Plaintiff must have contributed to the conception of the claimed invention and this contribution must be corroborated. *Tavory v. NTP, Inc.*, 495 F. Supp. 2d 531, 540 (E.D. Va. 2007) (citing *Burroughs Wellcome Co. v. Barr Labs., Inc.,* 40 F.3d 1223, 1228 (Fed. Cir. 1994)).

Plaintiffs allege that they were asked by Defendant to fix a sealing problem. ECF No. 11 at 4. They allegedly showed Defendant that "the inner component and the outer component could be compressed together." *Id.* at 5. Plaintiffs also sufficiently alleged facts establishing that Defendant Campbell assigned his rights to the '049 Patent to TranzGaz. ECF No. 11-2. Therefore, Plaintiffs have sufficiently pleaded a claim against TranzGaz for which relief can be granted. The Motion to Dismiss for Failure to State a Claim (ECF No. 75) is **DENIED**.

### III. MOTION FOR MISCELLANEOUS RELIEF

Defendant requests that the Court remove TranzGaz Inc. as a co-defendant in this case, alleging that the Court lacks personal jurisdiction over TranzGaz. ECF No. 74 at 1. Defendant previously asserted that the only suitable court for litigation involving TranzGaz's patent is the Eastern District of Virginia. ECF No. 59 at 4. Defendant has tried to remove TranzGaz as a co-defendant under multiple theories, all of which have been rejected. ECF Nos. 19, 22, 26, 47.

(1) Legal Standards

Federal Rule of Civil Procedure 12(b)(2) states: "a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Under Rule 4(k)(1)(A), courts may exercise personal jurisdiction over a defendant in the manner provided by state law. *See ESAB Grp., Inc. v. Centricut, Inc.,* 126 F.3d 617, 622 (4th Cir. 1997). Two requirements must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise

of jurisdiction must comport with the due process requirements of the Fourteenth Amendment to the United States Constitution. *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir. 2001). Virginia's long-arm statute extends personal jurisdiction to the extent permissible under due process. *Young v. New Haven Advocate,* 315 F.3d 256, 261 (4th Cir. 2002).

    (2) Analysis

Corporations may appear in court only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *Cont'l Cas. Co. v. Gargoyles, Inc.*, 700 F. App'x 269 (4th Cir. 2017). They are precluded from appearing through a lay representative. *Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983). Mr. Campbell cannot assert this defense on behalf of TranzGaz.

Even if Mr. Campbell could properly challenge the Court's personal jurisdiction over TranzGaz, the Motion is meritless. Title 35 U.S.C. § 293 provides that if a patentee not residing in the United States does not designate an individual in the United States to receive service on the patentee's behalf, "the United States District Court for the Eastern District of Virginia shall have jurisdiction." *See also E. I. Du Pont D Nemours & Co. v. Agfa NV,* No. 2:18CV326, 2019 WL 279989, at *1 (E.D. Va. Jan. 22, 2019). The "exercise of personal jurisdiction under Section 293 is limited to patentees and their assignees under 35 U.S.C. § 261." *TomTom, Inc. v. AOT Sys. GmbH*, 893 F. Supp. 2d 785, 788 (E.D. Va. 2012).

This Court has personal jurisdiction over TranzGaz pursuant to 35 U.S.C. § 293. "By registering a patent in the United States Patent and Trademark Office, a party residing abroad purposefully avails itself of the benefits and protections patent registration in this country affords." *Nat'l Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.*, 877 F.2d 1003, 1009 (D.C. Cir.

1989). There is no designee in the United States to receive service of process on Defendant's behalf, and Defendant purposefully availed itself of the benefits of the United States Patent and Trademark Office. Defendant Campbell assigned his rights to the '049 Patent to TranzGaz on February 25, 2015, and this assignment is recorded in the United States Patent and Trademark Office at REEL: 032504 FRAME: 0855. ECF No. 1-2. Defendant Campbell also conceded previously that the Eastern District of Virginia is the appropriate court to adjudicate the issue at hand. ECF No. 59 at 4. Defendant's Motion for Miscellaneous Relief (ECF No. 74) is **DENIED**.

## IV. MOTION TO AMEND OR CORRECT

Defendants also seek leave to add a counterclaim against Plaintiffs for allegedly fraudulent actions causing severe financial damage to Defendants. ECF No. 73 at 1. Mr. Campbell has allegedly discovered emails supporting the assertion that Plaintiffs MacKay and Hewsen played no role in the conception of the invention and that the reduction to practice (drawings) were completed almost a full year before Defendant met either Plaintiff. *Id*. at 4.

(1) Legal Standards

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id*. Courts should deny leave to amend in only three circumstances: "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment would be futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). "[T]he court should

consider whether: (1) the counterclaim is compulsory, (2) the pleader has acted in good faith and has not unduly delayed filing the counterclaim, (3) undue prejudice would result to the plaintiff, and (4) the counterclaim raises meritorious claims." *Rutherford Controls, Int'l Corp. v. Sec. Door Controls, Inc.*, NO. 2:08cv312, 2009 WL 10689625, at *1 (E.D. Va. Feb. 6, 2009).

    (2) Analysis

Corporations may appear in court only through licensed counsel. *Rowland*, 506 U.S. at 202. They are precluded from appearing through a lay representative. *Jones,* 722 F.2d at 22.

The proposed counterclaim seeks redress from Plaintiffs for "causing severe financial damages to the *Defendants* as a result of filing this case." ECF No. 73 at 1 (emphasis added). As noted previously, however, Mr. Campbell is prohibited from asserting claims on behalf of TranzGaz. *See also* ECF Nos. 19, 23, 25, 26.

Accordingly, the Motion to Amend or Correct (ECF No. 73) is **TAKEN UNDER ADVISEMENT**. This case is **STAYED**. Defendant TranzGaz is **DIRECTED** to file a Notice through retained counsel within thirty days of this Order. At that time, the Court will resolve the Motion to Amend or Correct.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Miscellaneous Relief (ECF No. 74) is **DENIED**; Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 75) is **DENIED**; Defendant's Motion to Amend or Correct (ECF No. 73) is **TAKEN UNDER ADVISEMENT**, and this case is **STAYED**.

The Clerk is **REQUESTED** to forward a copy of this Order to Mr. Campbell, TranzGaz, and counsel of record for all parties.

    **IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

June 26, 2020
Norfolk, Virginia

8