IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TUBE-MAC INDUSTRIES, INC., *et al.*,　)
　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　　　Civil Action No. 2:20CV197 (RCY)
　　　　　　　　　　　　　　　　　)
STEVE CAMPBELL and　　　　　　　)
TRANZGAZ, INC.,　　　　　　　　　)
　　　Defendants.　　　　　　　　　)
　　　　　　　　　　　　　　　　　)

**MEMORANDUM OPINION**

This matter is before the Court on the briefing that the Court ordered in its November 20, 2020 Order.  (ECF No. 98.)  The Order directed the parties to brief their positions with regard to whether the United States District Court for the Western District of Pennsylvania had personal jurisdiction over Defendant TranzGaz, Inc. at the time of the entry of default.  For the reasons stated herein, the Court has determined that the Western District of Pennsylvania did not have personal jurisdiction over TranzGaz, Inc. at the time of the entry of default.  Therefore, the Clerk's Entry of Default (ECF No. 48) is void and will be set aside.

**I. FACTUAL HISTORY**

Plaintiffs Tube-Mac Industries, Inc. ("TubeMac"), Gary Mackay ("Mackay"), and Dan Hewson ("Hewson") brought this action against Defendants Steve Campbell ("Campbell") and TranzGaz, Inc. ("TranzGaz").  Plaintiffs seek the correction of the inventorship of United States Patent No. 9,376,049 B2 ("Patent") issued on June 28, 2016, for "Method of Fabricating Type 4 Cylinders and Arranging in Transportation Housings for Transport of Gaseous Fluids."  (Am. Compl., ECF No. 11 ¶ 10.)  Campbell is identified as the sole inventor in the Patent.  (*Id.* ¶ 12.)  Campbell assigned his rights to the Patent to TranzGaz on February 25, 2014.  (*Id.* ¶ 13.)  Plaintiffs

allege that Campbell did not solely invent the "port boss" described in Claim 1 of the Patent.[1]  (*Id.*

¶ 15.)  Plaintiffs contend that the port boss was coinvented by Mackay, Hewson, and Campbell.

(*Id.* ¶ 22.)  Plaintiffs asked Campbell to add Mackay and Hewson as co-inventors to the Patent,

but he refused to do so.  (*Id.* ¶ 28.)

Plaintiff Tube-Mac is a Pennsylvania corporation.  (*Id.* ¶ 2.)  Tube-Mac manufactures and

sells pipe couplings for connecting pipes to vessels, and it has the ability to manufacture the port

boss and the "container or road trailer based system for transporting refrigerated gaseous fluids"

that is disclosed and claimed in the Patent.  (*Id.* ¶ 24.)  Tube-Mac, however, is unable to

manufacture these components because they are protected by the Patent.  (*Id.* ¶ 25.)  Additionally,

Mackay and Hewson have an obligation to assign their rights in the Patent to Tube-Mac.  (*Id.* ¶

26.)  If Mackay and Hewson are added as inventors to the Patent, then Tube-Mac could make and

sell the container or road trailer based system for transporting gaseous fluids that is disclosed and

claimed in the Patent.  (*Id.* ¶ 27.)  Plaintiffs' Amended Complaint asserts a single claim for

Correction of Inventorship of the Patent.  (*Id.* ¶¶ 29-31.)

## II. PROCEDURAL HISTORY

Plaintiffs filed their Complaint in the United States District Court for the Western District

of Pennsylvania on September 17, 2019.  (ECF No. 1.)  Beginning in October 2019, Campbell

filed multiple documents pro se, attempting to represent both himself and TranzGaz.  (*See* ECF

Nos. 13, 14, 15, 22, 24, 30, 39.)  The Court repeatedly informed Campbell that he was unable to

represent TranzGaz as it was a corporation, and he was not an attorney.  (*See* ECF Nos. 19, 23, 25,

91-1, 91-2.)  On January 22, 2020, Plaintiffs filed a Request for Entry of Default Against

---

[1] The patent describes: "[A]t least one port boss affixed to each of said domed end portions, said at least one port boss including an inner component and an outer component, said inner component including an inner pipe and an inner plate transversely extending from said inner pipe. . . ."  (ECF No. 1 at 3.)

TranzGaz. (ECF No. 33.) On February 13, 2020, the Western District of Pennsylvania issued a Memorandum Order directing the Clerk of Courts to enter default with respect to TranzGaz. (ECF No. 47.) The Clerk filed an Entry of Default against TranzGaz on that same day. (ECF No. 48.)

On February 17, 2020, Campbell filed "Defendant Response to Amended Claim and Motion for Dismissal for Want of Jurisdiction, and Lack of Consent in an Improper Forum," in which he argued that the Western District of Pennsylvania did not have personal jurisdiction over him. (ECF No. 49.) The Court issued a Memorandum Opinion on April 20, 2020, stating that it agreed that the Western District of Pennsylvania did not have personal jurisdiction over Campbell, and it ordered that this action be transferred to the Eastern District of Virginia. (ECF Nos. 64, 65.)

This action was transferred to the Eastern District of Virginia on April 21, 2020, and it was originally assigned to United States District Judge Arenda W. Allen. (ECF No. 66.) Campbell again tried to represent TranzGaz pro se. (ECF Nos. 74, 75.) The Court issued an Order directing TranzGaz to file a Notice through retained Counsel within thirty days of June 26, 2020. (ECF No. 82.) On July 23, 2020, attorney Robert McFarland entered a Notice of Appearance on behalf of TranzGaz. (ECF No. 83.) Mr. McFarland then filed a Motion to Dismiss on July 27, 2020, but he was told by the Clerk's Office that, because of the entry of default, the Motion to Dismiss was untimely, and TranzGaz would need to move to set aside the default before submitting responsive filings. TranzGaz then filed a Motion for Leave for TranzGaz, Inc. to Respond to Plaintiffs' Complaint Out of Time on July 29, 2020. (ECF No. 89.) The Clerk noted that counsel was advised to file a motion to set aside default, but he had instead filed a Motion for Leave. On August 25, 2020, Judge Allen deferred consideration of the Motion for Leave to File Response to Plaintiffs' Complaint Out of Time and directed the parties to file briefing addressing the default. (ECF No. 93.) The parties completed briefing on September 16, 2020.

This case was reassigned to the undersigned on October 19, 2020. On November 20, 2020, the Court issued an Order directing the parties to address whether the United States District Court for the Western District of Pennsylvania had personal jurisdiction over Defendant TranzGaz at the time of the entry of default. (ECF No. 98.) Plaintiffs filed their brief on November 30, 2020, (ECF No. 99), and TranzGaz responded on December 14, 2020. (ECF No. 101.) Campbell also responded on December 14, 2020. (ECF No. 103.) Plaintiffs replied to TranzGaz's brief on December 17, 2020. (ECF No. 102.)

A Scheduling Conference was held on January 4, 2020, and this action was set for another status conference on July 27, 2021. (ECF No. 106.). On January 15, 2021, TranzGaz filed "Defendant TranzGaz, Inc.'s Answer, Defenses and Affirmative Defenses." (ECF No. 108.) On January 19, 2021, Plaintiffs filed a Motion to Strike Paragraphs 13-31 of Defendant TranzGaz, Inc.'s Answer. (ECF No. 109.)

### III. LEGAL STANDARD FOR PERSONAL JURISDICTION

The plaintiffs bear the burden of showing that a court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). A court may have general or specific jurisdiction over a corporation. *Daimler AG v. Bauman*, 671 U.S. 117, 127 (2014). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations . . . when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Neither Plaintiffs nor TranzGaz argue that TranzGaz was subject to general personal jurisdiction in Pennsylvania, so the Court will not address general personal jurisdiction. The parties disagree, however, whether TranzGaz was subject to specific personal jurisdiction in Pennsylvania.

As default was entered against TranzGaz in the Western District of Pennsylvania, the Court will first turn to Pennsylvania law to determine whether the Western District of Pennsylvania had specific personal jurisdiction over TranzGaz at the time of the entry of default. "Pennsylvania's long-arm statute provides that its reach is coextensive with the limits placed on the states by the federal Constitution." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). The Court will therefore look to federal constitutional doctrine to determine TranzGaz's susceptibility to personal jurisdiction in Pennsylvania.

The "constitutional touchstone" of specific personal jurisdiction is whether a "defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). The Court looks to whether a defendant has "'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* at 472. Additionally, if the other requirements are met, "a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, *Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted). A defendant's forum-related activities should lead it to "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

## IV. DISCUSSION

### A. TranzGaz Was Not Subject to General or Specific Personal Jurisdiction in Pennsylvania Under Pennsylvania's Jurisdictional Statutes

Plaintiffs argue that "because TranzGaz, in obtaining the United States Patent No. 9,376,049 B2 caused injury to Plaintiff Tube-Mac Industries, Inc. who is located in Western Pennsylvania, exercise of that jurisdiction is consistent with the United States Constitution and its laws." (ECF No. 99 at 3.) TranzGaz, on the other hand, argues that Plaintiff provides "no specific

factual allegations as to how Defendants' ownership of a patent caused injury to Plaintiffs in Pennsylvania." (ECF No. 101 at 4.) The Court agrees with TranzGaz.

Plaintiffs fail to demonstrate how TranzGaz "purposefully directed its activities at residents of the forum state" or how Plaintiffs' claim "arises out of or relates to [TranzGaz]'s activities with the forum state." *Lambeth Magnetic Structures, LLC v. Toshiba Corp.,* No. CV 14-1526, 2017 WL 782892, at *3 (W.D. Pa. Mar. 1, 2017) (citations omitted). Plaintiffs do not allege that any actions that led to the invention of the systems in the Patent took place in Pennsylvania, or that TranzGaz marketed its systems in Pennsylvania, or even that TranzGaz attempted to enforce the Patent in Pennsylvania. Because Plaintiffs do not provide sufficient evidence as to why the Western District of Pennsylvania had specific personal jurisdiction over TranzGaz under Pennsylvania's jurisdictional statutes, the Court concludes that TranzGaz was not subject to specific personal jurisdiction under those statutes at the time of the Clerk's Entry of Default.

**B. Rule 4(k)(2) Did Not Give the Western District of Pennsylvania Jurisdiction Over TranzGaz**

Plaintiffs also argue that the Western District of Pennsylvania had personal jurisdiction over TranzGaz under Rule 4(k)(2) of the Federal Rules of Civil Procedure. (ECF No. 99 at 3.) Rule 4(k)(2) provides:

> (2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
>> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>>
>> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). In order for a court to exercise personal jurisdiction over a foreign defendant pursuant to Fed. R. Civ. P. 4(k)(2):

> (1) there must be a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States as a whole so that the court's exercise of personal jurisdiction over the defendant comports with the due process requirements of the Constitution or other federal law.

*Skold v. Galderma Labs., L.P.*, 99 F.Supp.3d 585, 603 (E.D. Pa. 2015).  The purpose of this rule is "to ensure that federal claims will have a U.S. forum if sufficient national contacts exist." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009).

Plaintiffs argue that this rule should be used to establish personal jurisdiction over TranzGaz in the Western District of Pennsylvania, but the Court disagrees.  As described in United States District Judge Robert J. Colville's prior opinion, "the Federal Circuit has not applied Rule 4(k)(2) when faced with similar issues involving foreign patentee defendants who possess limited or nonexistent contacts with any individual state, but rather has directed parties to the availability of statutory jurisdiction pursuant to 35 U.S.C. § 293."  (ECF No. 64 at 15.)  35 U.S.C. § 293 provides:

> Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the Eastern District of Virginia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs.

35 U.S.C. § 293.  Judge Colville and Judge Allen both found that the Eastern District of Virginia has personal jurisdiction over TranzGaz under 35 U.S.C. § 293 because TranzGaz is alleged to be an assignee of the Patent.  (ECF No. 64 at 29 n. 11; ECF No. 82 at 5.)  As Judge Allen found, there is no designee in the United States to receive service of process on TranzGaz's behalf, and TranzGaz has purposefully availed itself of the benefits of the United States Patent and Trademark

Office by receiving the rights to the Patent from Mr. Campbell on February 25, 2015. (ECF No. 82 at 6.) Additionally, TranzGaz has conceded for this proceeding that "the Eastern District of Virginia had personal jurisdiction over it . . . pursuant to 35 U.S.C. § 293." (ECF No. 101 at 8.)

Because the Eastern District of Virginia had personal jurisdiction over TranzGaz pursuant to 35 U.S.C. § 293 at the time of entry of default, the Plaintiffs' argument that the Western District of Pennsylvania also had personal jurisdiction pursuant to Rule 4(k)(2) is without merit. Because the Western District of Pennsylvania did not have personal jurisdiction over TranzGaz pursuant to either Rule 4(k)(2) or Pennsylvania's jurisdictional statutes, the Court finds that the Western District of Pennsylvania did not have personal jurisdiction over TranzGaz at the time of the entry of default.

**C. The Entry of Default Entered in the Western District of Pennsylvania is Void**

If the Western District of Pennsylvania did not have personal jurisdiction over TranzGaz at the time of the entry of default, the question then becomes how that lack of personal jurisdiction affects the entry of default against TranzGaz. There is very little case law that addresses the relationship between personal jurisdiction and entry of default. Instead, most of the relevant case law addresses default judgments.

The entry of default under Rule 55(a) is the first step in a two-step process to obtain a default judgment under Rule 55(b). *See Kim v. Marina Dist. Dev. Co. LLC*, 488 F. App'x. 545, 546 (3d Cir. 2012). Courts have repeatedly confirmed that personal jurisdiction is necessary before granting default judgment against a party. "[A]ny judgment entered against a defendant over whom the court does not have personal jurisdiction is void," including default judgments. *Koehler v. Dodwell*, 152 F.3d 304, 306-07 (4th Cir. 1998). In order to avoid creating a voidable default judgment, some circuits require a court to make an affirmative finding of personal jurisdiction

before entering default judgment. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999); *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).   Because the Western District of Pennsylvania did not have personal jurisdiction over TranzGaz, it could not have entered a default judgment against TranzGaz.

Although cases on entry of default and personal jurisdiction are rare, there is one case in the Western District of Pennsylvania that addresses this issue.  The court in *PPG Indus., Inc. v. Jiangsu Tie Mao Glass Co.* noted that a lack of personal jurisdiction would make an entry of default void.  No. 2:15-CV-00965, 2020 WL 1526940, at *2 (W.D. Pa. Mar. 31, 2020).  The court held that "when the default is void, the Court need not invoke" additional factors or tests to determine if the default should be set aside. *Id.* Instead, "when the entry of default is void, it would be legal error for the Court to deny the defendant's motion to set it aside." *Id.*

Plaintiffs have failed to provide any case law that shows that an entry of default or grant of default judgment is valid if a court lacks personal jurisdiction over the defendant.  Therefore, because the Western District of Pennsylvania did not have personal jurisdiction over TranzGaz at the time of the entry of default, the Court finds that the entry of default is void and will set it aside.

## V. CONCLUSION

For the reasons detailed above, the Court finds that the Western District of Pennsylvania did not have personal jurisdiction over TranzGaz at the time of the entry of default. The Court will order that the Clerk's Entry of Default (ECF No. 48) is void and will set it aside.

An appropriate Order shall issue.

                                           /s/

                                    Roderick C. Young

                                    United States District Judge

Richmond, Virginia
Date: January 28, 2021